AO 240 Reverse (Rev. 9/96)

**NOTICE TO PRISONER:** A Prisoner seeking to proceed IFP shall submit an affidavit stating all assets. In addition, a prisoner must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
_EASTERN_ DIVISION

**RECEIVED**

MAR 21 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

GEORGE LESLIE

_____
(Name of the plaintiff or plaintiffs)

V.

AMERICAN BUILDING

MAINTENANCE

_____
(Name of the defendant or defendants)

CIVIL ACTION

NO. **05C 1627**

(Case number will be supplied by the assignment clerk)

**JUDGE LINDBERG**

**MAGISTRATE JUDGE MASON**

### COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is ____ GEORGE LESLIE ____ of

   the county of ____ COOK ____ in the state of ____ ILLINOIS ____ .

3. The defendant is ____ AMERICAN BUILDING MAINTENANCE ____ , who

   CT CORPORATE SYSTEMS (REGISTERED AGENT)

   resides at (street address) ____ 208 S. LA SALLE ST #814 ____

   (city) CHICAGO (county) COOK (state) ILLINOIS (ZIP) 60604-1101

   (Defendant's telephone number) (___) - ____ ____ ____

4) The plaintiff sought employment or was employed by the defendant at

(street address) _222  N,  LASALLE_____

(city) _CHICAGO_ (county) _COOK_____ (state) _IL_____ (ZIP code)_____

5. The plaintiff [check one box]

   (a)☐      was denied employment by the defendant.

   (b)☐      was hired and is still employed by the defendant.

   (c)☒      was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about,

(month)_MARCH_, (day)_6____, (year)_2003_.

7. (a) The plaintiff [check one box] ☐ *has not* filed a charge or charges against the defendant
                                         ☒ *has*

asserting the acts of discrimination indicated in this complaint with any of the following government

agencies:

   (i)    ☒ the United States Equal Employment Opportunity Commission on or about
        (month)_AUGUST_ (day)_26_ (year)_2003_.

   (ii)   ☐ the Illinois Department of Human Rights on or about
        (month)_____ (day)_____ (year)_____.

(b)     If charges *were* filed with an agency indicated above, a copy of the charge is    attached.

   ☒ YES  ☐ NO

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

8. (a)☐     the United States Equal Employment Opportunity Commission has not issued a *Notice of*

     *Right to Sue.*

(b) ☒    the United States Equal Employment Opportunity Commission has issued a *Notice* $^{of}$

*Right to Sue*, which was received by the plaintiff on (month)___DECEMBER___

(day)__2 2___ (year) 2004  · a copy of which *Notice* is attached to this complaint.


9.  The defendant discriminated against the plaintiff because of the plaintiff's [check all that apply]

   (a)☐  Age (Age Discrimination Employment Act).

   (b)☐  Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

   (c)☐  Disability (Americans with Disabilities Act)

   (d)☐  National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

   (e)☒  Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

   (f)☐  Religion (Title VII of the Civil Rights Act of 1964)

   (g)☐  Sex (Title VII of the Civil Rights Act of 1964)

10. The plaintiff is suing the defendant, a state or local government agency, for discrimination on the basis

   of race, color, or national origin (42 U.S.C. §1983).

   ☐ YES    ☒ NO

11. Jurisdiction over the statutory violation alleged is conferred as follows: over Title VII claims by 28

   U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); over 42 U.S.C.§1981 and

   §1983 by 42 U.S.C.§1988; over the A.D.E.A. by 42 U.S.C.§12117.


12. The defendant [check all that apply]

   (a)☐  failed to hire the plaintiff.

   (b)☒  terminated the plaintiff's employment.

   (c)☐  failed to promote the plaintiff.

   (d)☐  failed to reasonably accommodate the plaintiff's religion.

   (e)☐  failed to reasonably accommodate the plaintiff's disabilities.

(f) ☐    other (specify):_____

_____

_____

_____

_____

_____

13. The facts supporting the plaintiff's claim of discrimination are as follows: *(See Attached Board of Review Decision)*.

I was the only African American working for ABM at the building. The person who fired me, Blagi Premovic, was of the same ethnic group as many of the white workers. Premovic originally stated I was fired for sleeping on the job. But I was not sleeping; at the unemployment hearing he changed his story and said I was fired for taking a break at unauthorized location. I had been given permission by my supervisor to take a break then. Other employees had been caught sleeping on job but were not fired. I had never been disciplined or warned previously for sleeping on the job or taking break in wrong place.

14. [AGE DISCRIMINATION ONLY] Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury ☒ YES    ☐ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [check all that apply]

(a) ☐   Direct the defendant to hire the plaintiff.

(b) ☐   Direct the defendant to re-employ the plaintiff.

(c) ☐   Direct the defendant to promote the plaintiff.

(d) ☐   Find that the defendant failed to reasonably accommodate the plaintiff's religion.

(e) ☐   Find that the defendant failed to reasonably accommodate the plaintiff's disabilities.

(f) ☐   Direct the defendant to (specify):_____

(g) ☒. If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☒ Grant such other relief as the Court may find appropriate.

(Plaintiff's signature) _George Leslie_

(Plaintiff's name) _GEORGE LESLIE_

(Plaintiff's street address) _4723 S. ELLIS APT 3 B_

(City) _CHICAGO_ (State) _IL_ (ZIP) _60615_

(Plaintiff's telephone number) (_773_) – _373 - 3539_

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 210-2003-34215 |

| Illinois Department Of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(Indicate Mr., Ms., Mrs.)*<br>**Mr. George Leslie** | Home Phone No. *(Incl Area Code)*<br>**(773) 288-5829** | Date of Birth<br>**02-20-1956** |
|---|---|---|

| Street Address | City, State and ZIP Code | | |
|---|---|---|---|
| **5220 S. Drexel Chicago, IL 60615** | | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>**AMERICAN BUILDING MAINTENANCE** | No. Employees, Members<br>**201 - 500** | Phone No. *(Include Area Code)*<br>**(312) 795-0112** |
|---|---|---|
| Street Address — City, State and ZIP Code<br>**175 N. Franklin St., Ste. 400  Chicago, IL 60606** | | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |
| Street Address — City, State and ZIP Code | | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN<br>☐ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER *(Specify below.)* | Earliest **03-06-2003** Latest **03-06-2003**<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I had been employed by Respondent as a Porter in the Maintenance Department at Respondent's location at a building at 222 N. LaSalle since 1990. I was terminated on March 6, 2003 after Respondent claimed that I violated their rules by sleeping on the job. I did not commit this offense. However, non-Black co-workers have been caught sleeping on the job and engaging in other rule violations and they have not been terminated.

I believe that I have been discriminated against by Respondent because of my race, Black, in violation of Title VII of the Civil Rights Act of 1974, as amended.

RECEIVED EEOC

AUG 26 2003

CHICAGO DISTRICT OFFICE

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Aug 26, 2003**<br>Date — *George Leslie*<br>Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

Equal Employment Opportunity Commission

## DISMISSAL AND NOTICE OF RIGHTS

| To: Mr. George Leslie | From: Chicago District Office |
|---|---|
| 5220 South Drexel Avenue | Equal Employment Opportunity Commission |
| Chicago, Illinois 60615 | 500 West Madison Street, Suite 2800 |
| | Chicago, Illinois 60661-2511 |
| 7099 3400 0018 8815 9262 | |

[ ] *On behalf of a person aggrieved whose identity is*
*CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 210-2003-34215 | Eugene Romero, Investigator | (312) 353-7310 |

*(See the additional information attached to this form.)*

YOUR CHARGE IS DISMISSED FOR THE FOLLOWING REASON:

[ ] The facts you allege fail to state a claim under any of the statutes enforced by the Commission

[ ] Respondent employs less than the required number of employees.

[ ] Your charge was not timely filed with the Commission, *i.e.*, you waited too long after the date(s) of the discrimination you alleged to file your charge. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[ ] You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conferences, or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your charge. You have had more than 30 days in which to respond to our final written request.

[ ] The Commission has made reasonable efforts to locate you and has been unable to do so. You have had at least 30 days in which to respond to a notice sent to your last known address.

[ ] The respondent has made a reasonable settlement offer which affords full relief for the harm you alleged. At least 30 days have expired since you received actual notice of this settlement offer.

[ X ] The Commission issues the following determination: Based upon the Commission's investigation, the Commission is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] Other (*briefly state*) _____

### - NOTICE OF SUIT RIGHTS -

[ X ] **Title VII and/or the Americans with Disabilities Act:** This is your NOTICE OF RIGHT TO SUE, which terminates the Commission's processing of your charge. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in U.S. District Court. If you decide to sue, you must sue **WITHIN 90 DAYS** from your receipt of this Notice; otherwise your right to sue is lost.

[ ] **Age discrimination in Employment Act:** This is your NOTICE OF DISMISSAL OR TERMINATION, which terminates processing of your charge. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in U.S. District Court. If you decide to sue, you must sue **WITHIN 90 DAYS** from your receipt of this Notice; otherwise your right to sue is lost.

[ ] **Equal Pay Act (EPA):** EPA suits must be brought within 2 years (3 years for willful violations) of the alleged EPA underpayment.

On behalf of the Commission

12-22-04

John P. Rowe, District Director

Enclosures
  Information Sheet
  Copy of Charge

cc: Respondent(s)     American Building Maintenance

EEOC Form 161 (Test 5/95)

## STATE OF ILLINOIS
## DEPARTMENT OF EMPLOYMENT SECURITY

### BOARD OF REVIEW

**BOARD DOCKET NO.** ABR-03-9269          **LOCAL OFFICE:** 008

**CLAIMANT:** (APPELLANT)                **EMPLOYER:** (RESPONDENT)

George Leslie                           American Building Maintenance
5220 S. Drexel                          c/o Employer's Unity
Apt. #207                               P. O. Box 749000
Chicago, IL 60615                       Arvada, CO 80006-9000

**SOC. SEC. NO.**    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        **TYPE OF APPEAL:**

**RDS DOCKET NO.** AR-3029935A          MC-485.1  Misconduct

**REF IDENT. NO.**    503               **ISSUE AND BENEFIT PERIOD:**

**OFFICE USE NO.**    328               01   04/27/2003 - 05/10/2003

### D E C I S I O N

This is an appeal by the claimant from a Referee's decision dated July 23, 2003, which affirmed the claims adjudicator's determination and held that the claimant was discharged for misconduct connected with work and is subject to a disqualification of benefits from April 27, 2003, and thereafter until the claimant requalifies for benefits under Section 602A of the Illinois Unemployment Insurance Act. The employer is a party to these proceedings.

We have reviewed the record of the evidence in this matter, including the transcript of the testimony submitted at the hearing conducted by telephone on July 22, 2003, at which the claimant, represented by counsel, an employer representative, and a witness for the employer appeared. We have considered the arguments presented by the claimant in accordance with Section 2720.315 of the Benefit Rules. The record adequately sets forth the evidence so that no further evidentiary proceedings are deemed necessary.

The record discloses that the claimant was discharged for sleeping on the job while taking a break at an unauthorized time and location. The employer's witness testified that, while taking a group of people to the "light" room at 11:30 A.M. on March 6, 2003, he came upon the claimant leaning back in a chair with his feet resting on top of a desk and covered with his winter coat. According to the witness, the claimant's "eyes were closed. He was sleeping." (Transcript, p. 4). When asked by the Referee how he knew that the claimant was sleeping, the witness responded, "he looked like he was sleeping to me. His eyes were closed. I mean, I don't know." (Transcript, p. 6).

ABR-03-9269                                                                    Page 2

When asked how long the claimant's eyes were closed, the witness stated "a few seconds." (Transcript, p. 7) The witness stated that the claimant told him that he did not feel good and was laying down on his break. According to the witness, the claimant's break is supposed to be from 11:00 A.M. until 11:10 A.M. and that the work rules required that all breaks be taken in the lunch room, unless permission is gotten from one's supervisor. The work rules submitted by the employer do not contain any restriction regarding the location of employee breaks.

Under cross-examination, the witness stated that part of the reason for the claimant's discharge was that he took his break at an unauthorized time and location. The witness was not the claimant's immediate supervisor and did not know if the claimant had ever taken a break outside the lunch room.

The claimant testified that was taking his break in the "light" room because he was feeling sick and did not want to be coughing on others as they ate in the lunch room. Moreover, he was on "light" duty that day, i.e., he was to change defective electric lights in the building, and was in the "light" room because he was going to begin filling the work orders after completing his break. He stated that he did not always take his break from 11:00 A.M. to 11:10 A.M. but would vary the times depending on the jobs he was doing. He would generally finish a job before he went on break. On March 6th, he had asked and had received permission form his immediate supervisor, Javier, to take a break later than usual. He admitted having his feet up on the desk in the "light" room and having coat covering his chest, but he denied that his eyes were closed and that he had been asleep. He had been on his break for several minutes before the employer's witness entered the room. He was not aware of any rule that required that breaks be taken in the lunch room. He had taken breaks in other locations and had never been disciplined.

The issue presented by this appeal is whether the claimant was discharged for misconduct connected with work under Section 602 of the Illinois Unemployment Insurance Act.

The primary purpose of the Illinois Unemployment Insurance Act is to provide benefits to individuals who are involuntarily unemployed due to a lack of suitable work and for no other reason. Accordingly, the Act disqualifies from benefits an individual who is discharged for misconduct connected with the work. In such cases, the individual is not involuntarily unemployed due to a lack of suitable work.

The preponderance of the evidence fails to show that the claimant was asleep while taking a break at an unauthorized time and location. The testimony of the employer's witness indicated that he only saw the claimant's eyes closed for a few seconds as he entered the room and that he was unsure if the claimant had been asleep. Moreover, the employer has failed to establish that the claimant had been taken his break at an unauthorized time and location. The claimant's testimony that he had been given permission by his immediate supervisor to vary the time of his break according to his workload was uncontradicted and is reasonable. Furthermore, despite asserting that the published work rules required all breaks to be taken in the lunch room, the employer's witness was not able to corroborate his assertion with documentary evidence. The work rules faxed to the

ABR-03-9269                                                              Page 3

Referee at the conclusion of the hearing contain no provision restricting the location of employee breaks.

    Accordingly, we conclude that the claimant was discharged for reasons other than misconduct connected with work and is not subject to disqualification under Section 602A of the Act.

    The decision of the Referee is REVERSED.

q:\pdoxapps\bor\DOCS\03-9269.LFD

## BOARD OF REVIEW

J. HUNT BONAN, Chairman

STANLEY L. DRASSLER, Sr.
Member

WILLIAM J. NOLAN
Member

LORI Q. CHAIB
Member

Dated and Mailed on DEC 2 6 2003 at Chicago, Illinois

## NOTICE OF RIGHTS FOR FURTHER REVIEW BY THE COURTS

### (ESTE ES UN AVISO IMPORTANTE RESPECTO A SUS DERECHOS A REPASAR POR LOS CORTES. SI NO LO ENTIENDE, BUSQUE UN INTERPRETE.)

If you are aggrieved by this decision and want to appeal, you must file a complaint for administrative review and have summons issued in circuit court **within 35 days** from the above mailing date.

You may only file your complaint in the circuit court of the county in which you reside or in which your principal place of business is located. If you neither reside nor have a place of business within Illinois, then you must file your complaint in the Circuit Court of Cook County.

Legal references:
- Illinois Unemployment Insurance Act, 820 Illinois Compiled Statutes 405/1100

- Administrative Review Law, 735 Illinois Compiled Statutes 5/3-101 et seq.